

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

FILED
07 OCT 17 AM 11:48
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
DEPUTY

| | |
|---|---|
| **UNITED STATES OF AMERICA,**       Plaintiff,       v.       **Pedro CRUZ-Tercero,**             Defendant | Magistrate Docket No. **07 MJ 2481**  COMPLAINT FOR VIOLATION OF:  Title 8, U.S.C., Section 1326 Deported Alien Found in the United States |

The undersigned complainant, being duly sworn, states:

On or about **October 16, 2007** within the Southern District of California, defendant, **Pedro CRUZ-Tercero,** an alien, who previously had been excluded, deported and removed from the United States to **Mexico**, was found in the United States, without the Attorney General or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8 United States Code, Section 1326.

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

_____
SIGNATURE OF COMPLAINANT
James Trombley
Senior Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS **17th** DAY OF **OCTOBER, 2007**

_____
William McCurine Jr.
UNITED STATES MAGISTRATE JUDGE

CONTINUATION OF COMPLAINT:
Pedro CRUZ-Tercero

## PROBABLE CAUSE STATEMENT

On October 17, 2007 Border Patrol Agents D. Alvarado and J. Wardlow were assigned to traffic observation duties on Highway 76. At about 3:45 a.m., the Agent observed a white 1995 Ford Econoline van. Highway 76 is a route that is typically used by alien smugglers to circumvent the I-15 Border Patrol checkpoint. As the van passed Agent Alvarado's and Agent Wardlow's marked service vehicle they were able to see a male with a mustache wearing a leather jacket driving east bound on Hwy 76. After the van passed Agents Alvarado and Wardlow they noticed that the van had sped up as it was going around a curve in an attempt to get away. The Agents followed the van to get a closer look at it and the occupants. As the Agents were going around a curve when they were able to see that the van had turned south on Cousier Canyon road and was about a half of a mile a head of them. It appeared that the driver was attempting to elude the Agents. As the van entered the curves the agents lost sight of it and were not able to locate the van for approximately 30 minutes. The Agents located the van at the end of Double Canyon Road with the driver side door open and no occupants left in the vehicle. The Agents were able to see foot sign for about six people that had exited the vehicle and entered the brush near the vehicle. After searching the immediate area the Agents were unable to locate anybody so they decided to go park at the intersection of Cousier Canyon and Double Canyon. After about 10 minutes the Agents heard the sound of the brush breaking and after a brief foot pursuit Agent Wardlow was able to apprehend a subject that matched the description of the driver. Agent Wardlow identified himself as a Border Patrol Agent and question the individual later identified as the defendant, **Pedro CRUZ-Tercero**. The defendant freely admitted to Agent Wardlow that he was the driver of the van, and that he was a citizen and a national of Mexico that was present in the United States illegally. The defendant was placed under arrest and transported him to the Murrieta Border Patrol Station for processing.

Routine record checks of the defendant revealed a criminal and immigration history. The defendant's record was determined by a comparison of his criminal record and the defendant's current fingerprint card. Official immigration records of the Department of Homeland Security revealed the defendant was previously deported to **Mexico** on **February 16, 2005** through **Calexico, California.** These same records show that the defendant has not applied for permission from the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security, to return to the United States after being removed.

The defendant was advised of his Miranda Rights and stated that he understood his rights and was willing to answer questions without an attorney present. The defendant admitted to being a citizen and national of Mexico and that he was present in the United States without being in possession of any immigration documents that would allow him to enter or remain this country.

_____
William McCurine Jr.
UNITED STATES MAGISTRATE JUDGE

10/17/67   0920 hrs
Date/Time

_____
SIGNATURE OF COMPLAINANT
James Trombley