**CHRISTIAN DE OLIVAS**
CALBARNO. 249698
**DE OLIVAS LAW FIRM, APLC**
200 N Bradford Ave., Suite L
Placentia, CA 92870
Telephone:  (714) 646-3314
Facsimile:   (714) 646-3721

Attorney for Defendant
PEDRO CRUZ-TERCERO

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

## (HONORABLE WILLAM Q. HAYES)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>      vs.<br><br>PEDRO CRUZ-TERCERO,<br><br>           Defendant | CASE No.: 07CR03021-QWH-1<br><br>DATE:            03/17/08<br>TIME:            02:00 PM<br>JUDGE:          WILLIAM Q HAYES<br>COURTROOM:  4<br><br>NOTICE OF MOTION; PEDRO CRUZ-TERCERO'S MOTIONS: (A) SUPRESS STATEMENTS DUE TO VIOLATION OF MIRANDA;(B) SUPRESS STATEMENTS DUE TO INVALID WAIVER; POINTS AND AUTHORITIES |

## <u>NOTICE OF MOTIONS</u>

**TO**: THE UNITED STATES ATTORNEY

1
2
3
4   **PLEASE TAKE NOTICE** that on the above-referenced date, Defendant, PEDRO CRUZ-TERCERO, by and through his counsel, CHRISTIAN DE OLIVAS, attorney of record will move this Court to grant the above-entitled motion, pursuant to Federal Rules of Criminal Procedure Evidence 7(f), 12, 14, and 16, and the Fourth, Fifth and Sixth Amendments to the United States Constitution, hereby moves this Court to grant the above-stated motions. These motions are based upon the files and records of the case.
5
6
7
8
9
10
11
12  DATED:   March 03, 2008        SIGNED:   s/ *Christian De Olivas*
13
14                                           CHRISTIAN DE OLIVAS
15
                                             ATTORNEY FOR DEFENDANT
16                                           PEDRO CRUZ-TERCERO
17
18
19
20
21
22
23
24
25
26
27
28

## BACKGROUND

PEDRO CRUZ-TERCERO is charged in an indictment with violating 8 U.S.C. §1326, Deported Alien Found in the Unitred States. The indictment charges that PEDRO CRUZ-TERCERO was previously removed subsequent to October 15, 2001.

## I.

## MOTIONS TO SUPRESS

**A.   STATEMENTS IN VIOLATION OF MIRANDA**

### ARGUMENT

*1.   The Government Must Establish a Knowing, Voluntary and Intelligent Waiver of Miranda Rights*

The Fifth Amendment to the Constitution ensures a person's right against self-incrimination. Custodial interrogation implicates the Fifth Amendment privilege because of the danger that police officers might exert "informal compulsion" on suspects during questioning. Miranda v. Arizona, 384 U.S. 436, 460-461 (1966).  Before the government may introduce a defendant's incriminating statement in its case in chief, it must prove a voluntary, knowing and intelligent waiver of the accused' s Miranda rights. Miranda, 384 U.S. at 475; Moran v. Burbine, 475 U.S. 412 (1986). In Moran v. Burbine, the Court further refined the concept of a valid waiver:

> First, the relinquishment of the right must have been voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception. Second, the waiver must have been made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it. Only if the "totality of the circumstances surrounding the interrogation" reveals both an uncoerced choice and the requisite level of comprehension may a court properly conclude that the Miranda rights have been waived.

Moran v. Burbine, 475 U.S. 412, 421 (1986).

In determining whether an accused validly waived his Miranda rights, a court must consider the particular facts and circumstances involved in the case, including the accused's background, experience, intelligence, physical and mental condition, and his conduct. Moran v. Burbine, 475 U.S. at 421; North Carolina v. Butler, 441 U.S. 369, 373 (1979); Arizona v. Fulminante, 499 U.S. 279 (1991). A court may find a proper waiver " [o]nly if the 'totality of the circumstances surrounding the interrogation' reveal both an uncoerced choice and the requisite level of comprehension." Burbine, 475 U.S. at 421.

It is not enough for the government simply to prove that the defendant executed a verbal or written waiver.

Case law clearly indicates that it is not enough for law enforcement to recite a person's Miranda warnings without some explanation of those rights and the consequences of foregoing the same. The government has the burden of introducing sufficient evidence establishing "that under the 'totality of the circumstances,' the defendant was aware of 'the nature of the right being abandoned and the consequences of the decision to abandon it.'" United States v. Garibay, 143 F.3d 534, 536 (9th Cir. 1998) (emphasis added). This burden is "'great'" and this court must "'indulge every reasonable presumption" agaDHSt such waiver. Id. at 537 (citations omitted).

While not conclusive, the apparent failure of the agent to obtain a written waiver of Miranda rights is a factor weighing in favor of suppression. In United States v. Heldt, 745 F.2d 1275, 1277 (9th Cir. 1984), the Ninth Circuit found that Heldt's refusal to sign the printed waiver form cast doubt on any claim that he had waived his Miranda rights. Id. The court noted that Heldt could reasonably have believed that he waived nothing because he had refused to sign the waiver form. Id. The failure of the DHS agent to obtain the written waiver form is even more troublesome than the situation in Heldt. Whereas in Heldt the defendant was at least provided the waiver form and thereby given the opportunity to refuse to sign, it does not appear defendant was even proffered such a form.

In the face of this failure, the ***voluntariness*** of any waiver of his Miranda rights is highly questionable. Given that the government has the heavy burden of demonstrating defendant's valid waiver, the court should conduct a hearing to determine whether in fact a constitutionally valid waiver of Miranda rights did in fact occur. Such a hearing will further enable the court to ascertain the conditions under which defendant's statement was provided. Obviously, if the DHS did actually procure such a written waiver, defendant would ask that the court order a copy to be provided to the defense.

2.   *The Government Must Demonstrate the Voluntariness of Defendant's Statement*

In addition to the deficient waiver of his Miranda rights, defendant also challenges the government to demonstrate the voluntariness of any statements given to the DHS. Although they are closely interrelated, the inquiry regarding Miranda warnings and the inquiry regarding the voluntariness of a defendant's confession are not coextensive. Oregon v. Elstad, 470 U.S. 298, 306-07 (1985); see also New York v. Harris, 110 S.Ct. 1640, 1644 (1990); Lego v. Twomey, 404 U.S. 477 (1972); 18 U.S.C. §3501 (Miranda warnings are but factors to be considered by the trial judge in determining if a confession is voluntary). "A Miranda violation does not constitute coercion but rather affords a bright-line, legal presumption of

coercion, requiring suppression of all unwarned statements." Elstad, 470 U.S. at 306-07 n.1.

The government additionally bears the burden of proving voluntariness by a preponderance of the evidence. Lego v. Twomey, 404 U.S. 477 (1972). Again, in assessing the voluntariness of a defendant's statement, no one factor is determinative; rather, the "totality of the circumstances" must be considered. United States v. Kelley, 953 F.2d 562 (9th Cir. 1992) (quoting, Crane v. Kentucky, 476 U.S. 683 (1986), cert. denied, 484 U.S. 834 (1987)); Mincy v. Arizona, 437 U.S. 385 (1978); Schneckloth v. Bustamonte, 412 U.S. 218 (1973); 18 U.S.C. §3501. The factors to be considered include both the characteristics of the accused and the details of the interrogation. Kelley, 953 F. 2d at 565; Schneckloth v. Bustamonte, 412 U.S. 218, 226 (1973); 18 U.S.C. §3501. "Before [a] confession is received in evidence, the trial judge shall, out of the presence of the jury, determine any issue as to voluntariness." 18 U.S.C. §3501 (emphasis added); see also Jackson v. Denno, 378 U.S. at 390-94; Commonwealth of Northern Mariana Islands v. Mendiola, 976 F. 2d 475, 483 (9th Cir. 1992); United States v. Batiste, 868 F. 2d 1089 (9th Cir. 1989).

3. ***Conclusion***: *Defendant accordingly requests the court to conduct a hearing prior to the trial, wherein the government is held to its burden of establishing the voluntariness of his statements.*

**B. SUPRESS STATEMENTS DUE TO INVOLUNTARY WAIVER**

1.  *The government may make no use of a waiver, or any other statement, involuntarily obtained from a defendant in violation of the Fifth Amendment,* Mincey v. Arizona, 437 U.S. 385, 398 (1977).

The government must prove, in addition to formal compliance with Miranda, that any incriminating statement obtained from the defendant was given voluntarily. Lego v. Twomey, 404 U.S. 477, 484 (1972); Commonwealth v. Mendiola, 976 F.2d 475 (9th Cir. 1992). A defendant may be properly warned and freely waive as required under Miranda, yet ultimately be coerced into making a confession. United States v. Fouche, 776 F.2d 138 (9th Cir. 1985). See also Oregon v. Elstad, 105 S. Ct. 1285, 1298 (1985) (ultimate test of admissibility is always the entire course of police conduct leading to statement) and Jackson v. Denno, 378 U.S. 368, 376 (1964).

When law enforcement officers use psychological pressure to break down the will of an accused, all statements elicited thereby are deemed involuntary. See Spano v. New York, 360 U.S. 315 (1959). A ***confession is involuntary whether it occurs by physical intimidation or psychological pressure***. Arizona v. Fulminante, 111 S.Ct. 1246 (1991); Townsend v. Sain, 307 U.S. 293 (1963); Commonwealth v. Mendiola, 976 F.2d 475 (9th Cir. 1992). Subtle psychological coercion, either by promises of leniency or indirect threats, may also render a

confession involuntary, <u>United States v. Tingle</u>, 658 F. 2d 1332, 1335 (9th Cir. 1981); <u>United States v. Leon Guerrero</u>, 847 F. 2d 1363 (9th Cir. 1988), even when directed at third parties, <u>United States v. Wauneka</u>, 842 F. 2d 1083 (9th Cir. 1988), <u>United States v. McShane</u>, 462 F.2d 5 (9th Cir. 1972).

The government bears a continuing burden to demonstrate ***voluntariness*** throughout the course of the interrogation leading to the statement, and the inquiry of necessity involves an evidentiary hearing on the issue. <u>United States v. Batiste</u>, 868 F. 2d 1089, 1092 n.5 (9th Cir. 1989, citing Denno, id.). No single factor is determinative on the issue of voluntariness. Rather, this Court must look to the "totality of all the surrounding circumstances." <u>Schneckloth v. Bustamonte</u>, 412 U.S. 218, 226 (1973) and <u>Mincey</u>, 437 U.S. at 401.

2.   ***Conclusion***: *Before the government can use any of [defendant]'s statements as evidence, it must establish that they were taken in accord with the above legal principles.*

//
//
//
//
//
//

## II.

## CONCLUSION

*For the foregoing reasons, the Defendant respectfully asks that the Court grant the Defendant's motions.*

                                                Respectfully Submitted,

**DATED**:   March 3, 2008        **SIGNED**:   s/ *Christian De Olivas*

                                                                                CHRISTIAN DE OLIVAS

                                                                                ATTORNEY FOR DEFENDANT
                                                                                PEDRO CRUZ-TERCERO

# CERTIFICATE OF SERVICE

**IT IS HEREBY CERTIFIED THAT**:

1. I, CHRISTIAN DE OLIVAS, am a citizen of the United States and am at least eighteen years of age. My business address is 200 N. Bradford Ave., Ste L, Placentia, California 92870.

2. I am not a party to the above-entitled action. I have caused service of the following documents: **Notice of Motions; Motions in Limine** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them:

    a. Assistant United States' Attorney

3. I declare under penalty of perjury that the foregoing is true and correct. Executed on February 16, 2008

**DATED**:   March 3, 2008          **SIGNED**:   s/ *Christian De Olivas*

                                                  CHRISTIAN DE OLIVAS

                                                  ATTORNEY FOR DEFENDANT
                                                  PEDRO CRUZ-TERCERO