```
 1  KAREN P. HEWITT
    United States Attorney
 2  CHRISTOPHER P. TENORIO
    Assistant United States Attorney
 3  California Bar No. 166022
    880 Front Street, Room 6293
 4  San Diego, California  92101-8893
    Telephone: (619) 557-7843
 5  Christopher.Tenorio@usdoj.gov

 6  Attorneys for Plaintiff
    United States of America
 7
 8                  UNITED STATES DISTRICT COURT

 9                 SOUTHERN DISTRICT OF CALIFORNIA

10  UNITED STATES OF AMERICA,   )  Criminal Case No. 07CR3021-WQH
                                )
11                  Plaintiff,  )  DATE:  March 18, 2008
                                )  TIME:  9:00 a.m.
12       v.                     )
                                )  GOVERNMENT'S TRIAL
13  PEDRO CRUZ-TERCERO,         )  MEMORANDUM
                                )
14                  Defendant.  )
                                )
15  _____)
```

COMES NOW, the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Christopher P. Tenorio, Assistant United States Attorney, and hereby files its trial memorandum.

//
//
//
//
//
//
//
//
//

**I.**

**STATUS OF THE CASE**

**A.   INDICTMENT**

Defendant Pedro Cruz-Tercero ("Cruz") is charged in a one-count indictment, returned November 7, 2007, with Deported Alien Found in the United States, in violation of Title 8, United States Code, Section 1326(a) and (b).

**B.   TRIAL STATUS**

A jury trial is scheduled for Tuesday, March 18, 2008, at 9:00 a.m. before the Honorable William Q. Hayes, United States District Court Judge.  The estimated length of trial is one day.

**C.   STATUS OF COUNSEL**

Cruz is represented by counsel Christian De Olivas.

**D.   CUSTODY STATUS**

Cruz is in custody.

**E.   INTERPRETER**

The Government will not require an interpreter for witnesses, however, Cruz may require one for interpreting testimony.

**F.   JURY WAIVER**

Cruz has not filed a jury waiver.

**G.   PRE-TRIAL MOTIONS**

On December 31, 2007, Cruz filed motions to compel discovery and grant leave to file further motions. On January 28, 2008, Cruz filed motions to dismiss the indictment for failure to allege essential elements and to suppress statements.  The Government filed its response and opposition to Cruz's motions on February 4, 2008.  On the same date, the Government  moved for reciprocal discovery and fingerprint exemplars.

1   On February 4, 2008, the Court granted the Government's motions
2   and continued Defendant's motions.
3   On March 3, 2008, Cruz filed motions in limine to disallow 609
4   evidence regarding other crimes, allow reference to punishment
5   enhancement, and allow U.S. Border Patrol agents to testify at trial.
6   Cruz also filed additional motions to suppress statements due to
7   violation of Miranda, and suppress statements due to invalid waiver.
8   The Government filed its response in opposition to Defendant's
9   motions on March 5, 2008.

10  **H.   STIPULATIONS**
11  To date, the parties have not entered into any stipulations.
12  **I.   DISCOVERY**
13  The Government has complied with its discovery obligations and
14  will continue to do so.  To date, no reciprocal discovery has been
15  received.

16                              **II.**
17                      **STATEMENT OF FACTS**
18  **A.   PRESENT OFFENSE**
19  On October 16, 2007, at approximately 3:45 a.m., Border Patrol
20  Agents Jason Wardlow and Daniel Alvarado encountered Defendant Pedro
21  Cruz-Tercero driving a white 1995 Ford Econoline van on Highway 76.
22  The agents knew that the area where Defendant was driving is a route
23  commonly used by alien smugglers to circumvent the I-15 Border Patrol
24  checkpoint.  The van sped up as it passed the agents.  The agents
25  lost sight of the van for approximately 30 minutes, but later found
26  it parked with its doors open.  After 10 minutes, the agents
27  responded to sounds in nearby brush and located Defendant.
28  //

1  Agent Wardlow identified himself as a Border Patrol Agent.
2 Pursuant to an immigration inspection, Defendant stated that he was
3 the driver of the van and that he was a Mexican citizen with no
4 immigration documents to permit him to be or remain in the United
5 States.  The agents arrested Defendant and transported him to the
6 Murrieta Border Patrol Station.

7  At the station, at approximately 5:45 a.m., Agent Alvarado
8 advised Defendant of his <u>Miranda</u> rights, which Agent Wardlow
9 witnessed.  At 7:45 a.m., Defendant made a video-taped statement in
10 which he admitted his prior convictions and that had not applied for
11 readmission into the United States.

12  Defendant was subsequently indicted on November 7, 2007 for
13 Deported Alien Found in the United States, in violation of Title 8,
14 United States Code, Section 1326(a) and (b).

15  **B.   PRIOR HISTORY**

16   **1.   Criminal History**

17  Defendant's prior criminal convictions include the following.
18 On January 21, 2000, Defendant was convicted on of Assault of a
19 Person with a Semi-automatic Firearm (felony), in violation of
20 California Penal Code § 245(b), in the Superior Court of San Diego
21 County.  Defendant was sentenced to three years probation and 270
22 days in jail. Defendant's probation was revoked on October 18, 2001,
23 and he was sentenced to six years of prison.

24  On October 15, 2001, Defendant was convicted of Possession of
25 a Controlled Substance, in violation of California Health and Safety
26 Code § 11377(a), in the Superior Court of San Diego County.
27 Defendant was sentenced to four years in prison.

28 //

**2.   Immigration History**

Defendant was previously ordered deported on March 12, 2001. Defendant was most recently deported on February 16, 2005 through Calexico, California.

## III.

## WITNESSES

The Government expects to call the following witnesses in its case-in-chief, although it reserves the right to change the order of these witnesses, substitute witnesses, add witnesses or omit one or more of these witnesses.

1. Border Patrol Agent Jason Wardlow
2. Border Patrol Agent Daniel Alvarado
3. Immigration Enforcement Agent Gregory Floyd
4. Fingerprint Expert David Beers
5. Senior Patrol Agent Jorge Salazar

## IV.

## EXHIBIT LIST

The following is a tentative exhibit list of evidence.  The Government does not necessarily intend to seek admission of all these items, and may amend the list to include additional items.

1. Immigration Fingerprint Card (10/16/07)
2. Record of Deportable Alien (I-213) (10/16/07)
3. Final Disposition Report (R-84)(10/16/07)
4. Warrant of Removal/Deportation (I-205) (10/16/07)
5. Warrant of Removal/Deportation (I-205) (1/18/05)
6. Warning to Alien (I-294) (1/18/05)
7. Final Administrative Deportation Order (I-851-A) (1/28/05)

8.  Notice of Intent to Issue a Final Administrative Removal Order (I-851) (1/21/05)

9.  Video of Defendant's Statement

10. Transcript of Defendant's Statement

## V.

## JURY INSTRUCTIONS

The Government will submit proposed jury instructions under separate cover, but will include the following regarding the charged offense:

**DEPORTED ALIEN FOUND IN THE UNITED STATES [Title 8, U.S.C., Section 1326(a) and (b)] - ELEMENTS**:

1) the defendant was deported from the United States;

2) after deportation, the defendant voluntarily entered the United States;

3) after the defendant entered the United States he knew that he was in the United States and knowingly remained;

4) the defendant was found in the United States without having obtained the consent of the Attorney General or the Secretary of the Department of Homeland Security to reapply for admission into the United States; and

5) the defendant was an alien at the time of the defendant's entry into the United States.

An alien is a person who is not a natural-born or naturalized citizen [or a national] of the United States.

Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 9.5B [2007 Edition - West Publishing Co.][Alien-Deported Alien Found in the United States](modified)

//

//

//

**VI.**

**LEGAL ISSUES**

**A.   INTENT**

To convict a defendant pursuant to a Section 1326 "found in" offense, the government must prove beyond a reasonable doubt that the defendant entered voluntarily and had knowledge he was committing the underlying act that made his conduct illegal – entering or remaining in the United States. United States v. Salazar-Gonzalez, 458 F.3d 851, 856 (9th Cir. 2006). The general intent of a defendant to reenter the United States may be inferred, however, from the fact that the defendant was previously deported and subsequently found in the United States. United States v. Rivera-Sillas, 417 F.3d 1014, 1021 (9th Cir. 2005), cert. denied, 126 S. Ct. 1094 (2006). A defendant found in the United States is presumed to have entered willfully and knowingly where he has not raised any evidence to the contrary. Id. at 1020-21.

**B.   "OFFICIAL RESTRAINT"**

The Government must prove that the defendant was found in the United States free from official restraint. See United States v. Ruiz-Lopez, 234 F.3d 445, 448 (9th Cir. 2000) (citing United States v. Pacheco-Medina, 212 F.3d 1162, 1166 (9th Cir. 2000)). Nonetheless, where there is no evidence that government officials constantly or continuously surveilled an alien from the moment of entry, the unexplained presence of an alien some distance from the border is sufficient to establish that the alien entered voluntarily. United States v. Hernandez-Herrera, 273 F.3d 1213, 1219 (9th Cir. 2001); United States v. Quintana-Torres, 224 F.3d 1157, 1159 (9th Cir. 2000).

1    **C.   PRIOR DEPORTATION**

2    The lawfulness of a defendant's prior deportation is not an
3    element of the offense under § 1326. <u>United States v. Alvarado-
4    Delgado</u>, 98 F.3d 492, 493 (9th Cir. 1996) (en banc). The Government
5    need only prove that a deportation proceeding actually occurred and
6    that the defendant was consequently deported. <u>United States v.
7    Medina</u>, 236 F.3d 1028, 1031 (9th Cir. 2001).

8    A deportation order or warrant is sufficient to establish the
9    prior deportation. <u>Id.</u>; <u>see also</u> <u>United States v. Bejar-Matrecios</u>,
10   618 F.2d 81 (9th Cir. 1980) (holding a warrant of deportation is
11   admissible as a public record, pursuant to F.R.E. 803(8)). A tape
12   recording or transcript of the prior deportation is not required to
13   prove the prior deportation. <u>Medina</u>, 236 F.3d at 1030-31.

14   Although a defendant charged pursuant to § 1326 can preclude the
15   Government from relying on a prior deportation in which the
16   proceedings were so procedurally flawed that it "effectively
17   eliminated the right of the alien to obtain judicial review," the
18   mere absence of a tape recording or transcript of the deportation
19   proceeding does not establish that the deportation was "fundamentally
20   unfair." <u>See</u> <u>id</u>. at 1031-32 (citations omitted). Finally, because
21   the defendant must also prove prejudice as a result of a flawed
22   deportation proceeding, a vague assertion that he might be able to
23   locate some defect in the proceeding if a tape recording was
24   available is "no more than speculation to support his assertion of
25   prejudice," and insufficient to meet his burden. <u>Id.</u> at 1032
26   (quoting <u>United States v. Corrales-Beltran</u>, 192 F.3d 1311, 1318-19
27   (9th Cir. 1999)).

28   //

**D.   PRIOR CONVICTION**

A prior aggravated felony conviction is not an element of section 1326(a) and should not be presented to the jury. See United States v. Alviso, 152 F.3d 1195, 1199 (9th Cir. 1998) (citing Almendarez-Torres, 523 U.S. at 244). The Supreme Court has indicated that the Ninth Circuit's reasoning in Almendarez-Torres may have been incorrectly decided. See Apprendi v. New Jersey, 530 U.S. 466, 489-90 (2000); United States v. Nordby, 225 F.3d 1053, 1057 n.1 (9th Cir. 2000). The holding in Almendarez-Torres remains controlling law, however, until expressly overruled by the Supreme Court. See United States v. Pacheco-Zepeda, 234 F.3d 411, 414 (9th Cir. 2000).

**E.   ADMISSION OF DEPORTATION DOCUMENTS**

   **1.   Public Records Exception**

Although not conclusive, deportation documents are admissible to prove alienage pursuant to Rule 803(8), the public records exception to the hearsay rule. United States v. Hernandez-Herrera, 273 F.3d 1213, 1217-18 (9th Cir. 2001). As public records, no foundation is required for their admission because the documents are "presumed trustworthy," thus placing the burden on the defendant to establish untrustworthiness. United States v. Loyola-Dominguez, 125 F.3d 1315, 1318 (9th Cir. 1997) (citations omitted).

Pursuant to the admission of deportation documents pursuant to the public records exception, an Immigration agent may testify to explain the significance of each document removed from the defendant-alien's A-file. Id. at 1317. Such testimony does not violate the Confrontation Clause. Hernandez-Herrera, 273 F.3d at 1218. Further, the Confrontation Clause is not implicated where a defendant who fails to contest that he never made an application to Immigration

1  authorities for reentry into the United States, is limited in his
2  cross-examination of a witness regarding Immigration record-keeping
3  procedures (including whether Immigration computers are fully
4  interactive with those of other federal agencies, that over 2 million
5  filed documents have been lost or forgotten, whether other federal
6  agencies have the ability or authority to apply for an immigrant to
7  come in the United States, or whether other agencies were consulted).
8  United States v. Rodriguez-Rodriguez, 393 F.3d 849, 856 (9th Cir.),
9  cert. denied, 125 S. Ct. 2280 (2005).

### 2. **Business Records Exception**

Alternatively, deportation documents may be admissible as business records. See United States v. Dekermenjian, 508 F.2d 812, 814 (9th Cir. 1974) (holding that deportation documents admissible in Section 1326 trial pursuant to 28 U.S.C. 1732, precursor statute to Federal Rule of Evidence 803(6)). A custodian of records or other qualified witness with knowledge of the making, keeping and maintaining of the documents is necessary to testify regarding the methods of keeping the information. A custodian of records may testify what a document means and describe the document without qualifying as an expert witness. See, e.g., United States v. Cooper, 375 F.3d 1041, 1045-46 (10th Cir. 2004) (permitting FDIC custodian of records to testify of record-keeping procedures, information reflected by computer records, and interpretations of contents of records).

//
//
//
//

## VII.

## **PROPOSED VOIR DIRE QUESTIONS**

The United States requests that the following voir dire questions be addressed to the jury panel in addition to the Court's standard jury questions:

1. Has anyone had an unpleasant experience with any law enforcement personnel?

2. Has anyone had any disputes with any agency of the United States Government?

3. Does anyone have strong feelings about the Border Patrol?

4. Does anyone believe that immigration laws are too harsh?

5. Has anyone had an unpleasant experience at the United States border?

6. Does anyone not understand you are not to consider prejudice, pity or sympathy in deciding whether the Defendant is guilty or not guilty?

7. Does anyone have religious or moral beliefs which will make it difficult for them to decide whether a person is guilty or not guilty?

8. Will anyone not follow the law as given by the Court, or disregard any idea of what you believe the law should be?

9. If you are selected, would you want the government to prove its case by a higher standard of proof, say beyond any possible doubt?

DATED: March 12, 2008

                          Respectfully submitted,

                          KAREN P. HEWITT
                          United States Attorney

                          *s/Christopher P. Tenorio*
                          CHRISTOPHER P. TENORIO
                          Assistant U.S. Attorney

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>PEDRO CRUZ-TERCERO,<br><br>　　　　　　　Defendant. | Criminal Case No. 07CR3021-WQH<br><br>**CERTIFICATE OF SERVICE** |

IT IS HEREBY CERTIFIED that:

　　I, CHRISTOPHER P. TENORIO, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

　　I am not a party to the above-entitled action. I have caused service of **GOVERNMENT'S TRIAL MEMORANDUM** on the following party by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them:

　　**Christian De Olivas, Esq.**

　　I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 12, 2008

　　　　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　KAREN P. HEWITT
　　　　　　　　　　　　　　　　　　　　United States Attorney

　　　　　　　　　　　　　　　　　　　　*s/Christopher P. Tenorio*
　　　　　　　　　　　　　　　　　　　　CHRISTOPHER P. TENORIO
　　　　　　　　　　　　　　　　　　　　Assistant U.S. Attorney