1
2
3
4
5
6 # UNITED STATES DISTRICT COURT
7 ## SOUTHERN DISTRICT OF CALIFORNIA
8

9  UNITED STATES OF AMERICA,                    CRIM CASE NO. 07cr3021
                              Plaintiff,          CIVIL CASE NO. 10cv593
10       v.
                                                 **ORDER**
11  PEDRO CRUZ-TERCERO,
12                              Defendant.

13 HAYES, Judge:

14         The matter before the Court is the motion to vacate judgment set aside or correct
15 conviction and sentence pursuant to 28 U.S.C. § 2255 filed by Defendant Pedro Cruz-Tercero.
16 (Doc. # 47).

17                                         **FACTS**

18         On October 16, 2007, Defendant was apprehended following a brief chase by Border
19 Patrol Agents on Highway 76 in northern San Diego.  Defendant was advised of his *Miranda*
20 rights and gave a statement in which he admitted his prior deportation, his failure to apply for
21 readmission into the United States, and his prior convictions.  On October 17, 2007, the
22 Government filed a complaint pursuant to 8 U.S.C. § 1326.  On October 17, 2007 Defendant
23 appeared before Magistrate Judge and Norma Aguilar was appointed as defense counsel .

24         On October 30, 2007, the Assistant United States Attorney ("AUSA") offered the
25 Defendant a plea agreement through a letter to defense counsel.  The plea letter stated that the
26 parties would recommend a base offense level of eight, increased by 16 levels for Defendant's
27 prior aggravated felony conviction, and a three-level adjustment for acceptance of
28 responsibility.  The Government would recommend the low-end of the guideline range in

exchange for Defendant's waiver of appellate rights.  The letter further stated that the Government had estimated Defendant was in Criminal History Category IV, but that there was no agreement regarding Defendant's actual criminal history.  Defendant rejected the plea offer on November 2, 2007.  (Doc. #51 at 3).

On November 7, 2007, Defendant was charged in a single count indictment with being a deported alien found in the United States, in violation of 8 U.S.C. §§ 1326(a) and (b).  On November 15, 2007, Defendant entered a not guilty plea to the indictment and attorney Daniel Casillas was substituted as Defendant's appointed counsel.  Casillas filed pleadings on Defendant's behalf and this Court scheduled a trial for February 26, 2008.  On February 12, 2008, Defendant requested new counsel.  On February 19, 2008, the Defendant retained Christian De Olivas as counsel.  The trial date of February 26, 2008 was vacated and re-set for March 18, 2008.  On March 18, 2008, Defendant waived jury and was convicted after a trial to the Court.

On June 16, 2008, the Court held a sentencing hearing.  The Court found that the base offense level was eight under U.S.S.G. § 2L1.2(a), and applied a 16-level increase pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(2), as a result of Defendant's deportation subsequent to a conviction in 2000 for assault with an automatic firearm.  The Court applied a two-level reduction for acceptance of responsibility.  The Court found that the total offense level was 22, the Criminal History Category was V, and the advisory guideline range was 77-96 months.  After full consideration of all factors set forth in 18 U.S.C. § 3553, the Court found that 80 months was a reasonable sentence.  The Court sentenced the Defendant to 80 months imprisonment, followed by a three-year term of supervised release.

Defendant appealed.  (Doc. # 36).  On March 24, 2009, the Court of Appeals for the Ninth Circuit affirmed Defendant's conviction and sentence.  (Doc. # 44). .

On March 15, 2010, Defendant filed a motion to vacate, set aside or correct under 28 U.S.C. § 2255 on the grounds that he was deprived of the effective assistance of counsel. Defendant specifically asserts that he "lost the 57-month plea offer of the government for the 'gross mischaracterization' of the effects of going to trial."  (Doc. # 47 at 3).  Defendant

1  further asserts that the "forfeiture of the opportunity for a 3-level reduction for acceptance of

2  responsibility can constitute prejudice." *Id.*

3      Plaintiff United States filed a Response in Opposition.  (Doc. # 51).  Defendant filed

4  a Traverse.  (Doc. # 52).

5                          **CONTENTIONS OF PARTIES**

6      Defendant moves the Court to vacate, set aside, or correct his sentence on the grounds

7  that he was denied effective assistance of counsel.  Defendant asserts that he rejected the plea

8  offer based on gross misrepresentations by defense counsel regarding the plea offer, the risks

9  of imprisonment after trial, and the benefits of proceeding to a bench trial.  Defendant

10 contends that defense counsel De Olivas failed to advise him of the effects of rejecting the

11 proposed plea offer and advised him that going to trial was the best way to obtain a 30-month

12 sentence.  Defendant requests an evidentiary hearing to resolve the issues and to grant him the

13 relief requested in his Section 2255 motion.  (Doc. # 52 at 9).  In the alternative, Defendant

14 requests that this Court vacate the 80-month sentence previously imposed and resentence him

15 to the 57 months offered in the plea agreement.  *Id.*

16     Plaintiff United States asserts that Defendant's contention that he lost a 57-month plea

17 offer as a result of defense counsel's misrepresentation is contrary to the facts in the record.

18 Plaintiff United States asserts that, "at no time was Defendant offered a plea deal of 57-

19 months of custody."  *Id.* at 8.  Plaintiff United States further contends that Defendant

20 "incorrectly asserts that Mr. De Olivas was responsible for advising Defendant to decline the

21 Government's offer."  *Id.*  Plaintiff United States asserts that "Defendant did not receive any

22 assistance from Mr. De Olivas regarding the plea, his assistance could not have been

23 deficient."  *Id.* at 9.  Plaintiff United States asserts that Defendant's conclusory allegations

24 regarding defense counsel are unsupported by the facts in the record and that the Defendant

25 cannot show prejudice.  Plaintiff United States asserts that the sentence imposed in this case

26 would likely have been the same with or without the original plea agreement.  Plaintiff United

27 States asserts that the motion to vacate should be denied without an evidentiary hearing.

28

**ANALYSIS**

28 U.S.C. § 2255 provides:

A prisoner under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of facts and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set aside the judgment and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

28 U.S.C. § 2255(a) and (b).

**Ineffective Assistance of Counsel**

In order to prevail on a claim of ineffective assistance of counsel, Petitioner must show that representation of defense counsel fell below an objective standard of reasonableness, and that any deficiencies in counsel's performance were prejudicial. *See Strickland v. Washington*, 466 U.S. 668, 690 91984. In *Turner v. Calderon*, 281 F.3d 851 (9th Cir. 2002), the Ninth Circuit explained that "[t]he Sixth Amendment guarantees criminal defendants the constitutional right to be represented by counsel at all critical stages of the prosecution, including the plea proceedings. We have held that the decision to reject a plea bargain offer and plead not guilty is also a vitally important decision and at a critical stage at which the right to effective assistance of counsel attaches. Thus, *Strickland*'s two-prong test apples to ineffectiveness claims arising from the plea process." *Id.* at 879. (quotations and citations omitted). Both deficient performance and prejudice are required before it can be said that a conviction or sentence resulted from a breakdown in the adversary process that rendered the result of the proceeding unreliable and thus in violation of the Sixth Amendment. *See United States v. Thomas*, 417 F.3d 1053, 1056 (9th Cir. 2005).

**Deficient Performance**

In order to show that counsel's representations fell below an objective standard of reasonableness, Defendant must identify "material, specific errors and omissions that fall outside the wide range of professionally competent assistance." *United States v. Molina*, 934 F.2d 1440, 1447 (9th Cir. 1991) (citation omitted). The relevant inquiry is "whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Turner*, 281 F.3d at 879 (internal quotations omitted). In making this determination, the court applies a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." *Strickland*, 466 U.S. at 689. "The Sixth Amendment recognizes the right to assistance of counsel because it envisions counsel's playing a role that is critical to the ability of the adversarial system to produce just results." *Id.* at 685. A deficient performance requires showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687.

The record in this case conclusively shows that the only plea offer made by the Government was given to defense counsel Aguilar, through a plea letter dated October 30, 2007 and that the Defendant rejected the offer on November 2, 2007. (Doc. # 51, Exhibit A and B). There are no allegations that suggesting that defense counsel Aguilar was deficient in any manner. The only facts in the record show that the Defendant was informed of the proposed plea agreement and made the decision to forgo the Government's offer. The original plea offer was made to defense counsel Aguilar at the commencement of this case and there was no plea offer during any period of Defendant's representation by subsequent defense counsel Casillas or De Olivas. "A defendant does not have a constitutional right to a plea bargain." *King v. Brown*, 8 F.3d 1403, 1408 (9th Cir. 1993) (citation omitted). "The government is under no obligation to reoffer an agreement that was previously rejected." *Id.* (citation omitted). Defendant has not identified any material, specific errors or omissions that fall outside the wide range of professionally competent assistance relating to the plea offer.

Defendant further asserts that his trial counsel was ineffective on the grounds that "there appears to be no reasonable basis upon which a competent attorney would have reached

the conclusion that the Petitioner has a 'winnable' case." (Doc. # 47 at 4.). Defendant has the burden to show that his attorney failed to properly inform him of the risks and benefits of proceeding to trial. *See Hill v. Lockhart*, 474 U.S. 52, 57 (1985). "Counsel cannot be required to accurately predict what the jury or court might find, but he can be required to give the defendant the tools he needs to make an intelligent decision." *Turner*, 281 F.3d at 881; *see also Iaea,* 800 F.2d at 865. ("[C]ounsel have a duty to supply criminal defendants with necessary and accurate information. Though, a mere inaccurate prediction, standing alone, would not constitute ineffective assistance."). There are no specific facts asserted which support an ineffective assistance of counsel against trial counsel. The Ninth Circuit has determined that "[c]onclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief." *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) (citation omitted).

**Prejudice**

To prevail on the prejudice prong of a claim of ineffective assistance of counsel, the defendant must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the results of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 669. In order to show cause for prejudice, a Defendant must demonstrate that the outcome would reasonably likely have been different absent counsel's errors. *Schad v. Ryan*, 595 F.3d 907, 917 (9th Cir. 2010).

The record conclusively establishes that the Government offered the Defendant an opportunity to plea guilty in exchange for the Government's recommendation of a sentence at the low-end of the advisory range. In this case, Defendant was in Criminal History Category V, with a guideline range of 70-96 months. The Government's recommendation, had the plea agreement been executed, would have been for a 70-month sentence.

The record shows that the Court granted a two-level reduction for acceptance of responsibility, finding that the Defendant admitted to the elements of the offense, both in the field and post-arrest. (*See* Docket # 47, Exhibit C at 18). The Court found that the total

1   offense level was 22, the Criminal History Category was V, and the advisory guideline range

2   was 77-96 months.  After full consideration of all factors set forth in 18 U.S.C. § 3553, the

3   Court found that 80 months was a reasonable sentence.  The sentence of 80 months imposed

4   by this Court was within the 70 -87 months guideline range that could have applied had the

5   Defendant accepted the plea agreement at the initial stages of the proceedings.   This Court

6   concludes that the record in this case is adequate to conclusively show that the Defendant's

7   claim for prejudice does not meet the requisite element required under *Strickland* that the

8   Defendant demonstrate that the outcome would reasonably likely have been different absent

9   counsel's alleged errors.

10                                              **CONCLUSION**

11          The Court has examined Defendant's legal arguments in support of his motion to

12   vacate judgment, set aside or correct conviction and sentence pursuant to 28 U.S.C. § 2255.

13   Where "the motion and the files and records of the case conclusively show the prisoner is

14   entitled to no relief," the Court may deny Defendant's request for an evidentiary hearing. *See*

15   28 U.S.C. § 2255.  Based upon the record in this case, the Court concludes that there are no

16   material facts in dispute and an evidentiary hearing is not required.  Based upon the record,

17   the Court concludes that there are no grounds upon which Defendant is entitled to prevail.

18          IT IS HEREBY ORDERED that the motion under 28 U.S.C. §2255 to vacate, set aside,

19   or correct sentence filed by the Defendant Pedro Cruz-Tercero (Doc. # 47) is denied.

20

21   DATED:  August 2, 2010

22                                              **WILLIAM Q. HAYES**
                                                United States District Judge

23

24

25

26

27

28